UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN GOODRICK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBIN SANDY, JAY NIELSEN, CAROLYN MELINE, BRENT REINKE, PAM SONNEN, KEVIN KEMPF, TEREMA CARLIN, GALE MUNDEN, ERIC MacEACHERN, AMY ANDERSON, WILLIAM UNGER, PAMELA SWEARIGEN, SHIRLEY ROANE, KRISTI LYNCH, DANIEL BYBEE, RANDY HARTNESS, and C/O HOUNDSHEL,<br><br>　　　　　　Defendants. | Case No. 1:10-cv-00603-EJL<br><br><br>**MEMORANDUM DECISION AND ORDER** |

The following motions are currently pending before the Court in this prisoner civil rights matter:  (1) Defendants' Motion for Summary Judgment (Dkt. 33);  (2) Defendants' Motion to Seal Certain Exhibits Submitted In Support of Defendants' Motion for Summary Judgment (Dkt. 36);  (3) Defendants' Motion to Stay Discovery Pending Determination of Defendants' Motion for Summary Judgment (Dkt. 37); (4) Plaintiff's Motion to Compel Discovery (Dkt. 41); (5) Plaintiff's Motion to Stay Defendants'

**MEMORANDUM DECISION AND ORDER - 1**

Motion For Summary Judgment (Dkt. 44); and (6) Plaintiff's Third Motion for

Appointment of Counsel (Dkt. 43).

The parties have adequately stated the facts and arguments in their briefing, and

the Court will resolve these matters (with the exception of Defendants' Motion for

Summary Judgment) on the record without oral argument.  D. Idaho L. Civil R. 7.1.

For the reasons that follow, the Court will deny Defendants' Motion to Stay

Discovery Pending Determination of Defendants' Motion for Summary Judgment,

Plaintiff's Motion to Compel Discovery,  Plaintiff's Motion to Stay Defendants' Motion

For Summary Judgment and Plaintiff's Third Motion for Appointment of Counsel.

Defendants' Motion to Seal Certain Exhibits Submitted In Support of Defendants'

Motion for Summary Judgment will be granted.  The Court will not presently rule on

Defendants' Motion for Summary Judgment, but will allow Plaintiff a brief extension of

time to file his opposition.

## BACKGROUND

At all times relevant to the Complaint, Plaintiff was housed at the Idaho

Correctional Institution in Orofino (ICI-O).  On June 17, 2010, Plaintiff was accused of

engaging in prohibited sexual activity with another inmate named Gray.  (Dkt. 32-2, ¶ 3.)

During the investigation of the incident, Plaintiff was also accused of engaging in

prohibited sexual activity with an inmate named Brown.  (*Id*., ¶¶ 27-29.)  ICI-O officials

pursued two disciplinary offense reports (DORs) against Plaintiff, (*Id*.,¶¶ 26, 30), in

which they relied upon information provided by confidential witnesses.  (*Id*., ¶¶ 12, 27-

**MEMORANDUM DECISION AND ORDER - 2**

29.)  Plaintiff was found guilty of sexual misconduct in both of the DORs, and he has

since been transferred to a more restrictive institution and placed in administrative

segregation. (*Id*., ¶¶ 35-36, 39-40, 46-48.)

Plaintiff filed this lawsuit in December 2010, alleging a variety of claims.  (Dkt.

1.)  Plaintiff thereafter filed a motion to amend his compliant, along with a proposed

Amended Complaint in August 2012 (Dkt. No. 7).  The Court granted Plaintiff's motion

and issued a Second Initial Review Order, as required by 28 U.S.C. § 1915A.  (Dkt. 11.)

The Court found that Plaintiff stated claims under the following causes of action: (1)

Plaintiff's rights under the First and Fourteenth Amendments were violated when certain

Defendants engaged in allegedly retaliatory conduct based on his previous litigation

activities; (2) Plaintiff was deprived of due process of law under the Fourteenth

Amendment because the two DORs for sexual misconduct were not supported by "some

evidence"; and (3) Plaintiff's Fourth and Eighth Amendment rights were violated by a

strip search that resulted in naked photographs of Plaintiff.  (*Id*., p. 3.)

Defendants have now filed a motion for summary judgment, seeking to dismiss

Plaintiff's claims with prejudice.  (Dkt. 33.)  In support of their motion, Defendants filed

several affidavits.  Two of the affidavits, the Affidavit of Shirley Roane and the Affidavit

of Kristi Lynch, include exhibits containing alleged confidential witness information.

(Dkts. 33-3; 33-5; 34; 35.)  Defendants argue the release of such exhibits could endanger

the safety of those witnesses.  (Dkt. 36-2; 33-3.) Therefore, Defendants filed a motion to

seal the documents.  (Dkt. 36.)  In addition, Defendants have filed a motion to stay

**MEMORANDUM DECISION AND ORDER - 3**

discovery pending determination of Defendants' motion for summary judgment. (Dkt. 37.) Defendants contend that discovery should be stayed until the Court rules on the issue of qualified immunity. (*Id.*)

In response, Plaintiff has filed a motion to compel. (Dkt. 41.) Plaintiff seeks, among other things, disclosure of the identities of the confidential inmate witnesses. (Dkt. 41-21, pp. 6-8.) Plaintiff argues that Defendants waived any privilege that may have attached when they inadvertently disclosed the identities of the confidential witnesses during discovery. (*Id.*) In addition, Plaintiff has filed a motion to stay the motion for summary judgment; he contends he has not had an opportunity to complete discovery**.** (Dkt. 44.)

## MOTION TO STAY DISCOVERY PENDING MOTION FOR SUMMARY JUDGMENT

### 1.    Legal Standard

Government officials are entitled to qualified immunity from liability for civil damages under § 1983 when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.*, at 526. In order to minimize the costs incurred by an immune defendant, a

**MEMORANDUM DECISION AND ORDER - 4**

court must resolve qualified immunity questions at the earliest possible stage in litigation. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Accordingly, where defendants have filed a motion for summary judgement based on qualified immunity, a court should stay discovery until that threshold question is settled. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[i]f the defendant does plead qualified immunity, the court should resolve that threshold question before permitting discovery).

## 2.    Discussion

Defendants move for a stay of discovery pending the Court's ruling on their motion for summary judgment based in part on qualified immunity. (Dkt. 37.) Plaintiff claims the motion should be denied for various reasons, including: (1) Defendants have already engaged in discovery; (2) Plaintiff needs to conduct discovery to prove Defendants are not entitled to qualified immunity or summary judgment; and (3) where Defendants are sued in their official capacities for both declaratory and injunctive relief, they enjoy no qualified immunity defense. (Dkt. 46-1.)

The Supreme Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation, preferably before discovery is ordered. *Crawford-El v. Britton*, 523 U.S. at 598. As noted above, the purpose of the privilege is to " minimize the costs incurred by an immune defendant." *Saucier v. Katz*, 533 U.S. at 200-01. However, in the present matter, significant discovery has already occurred. Defendants' counsel testifies that during the course of discovery, Plaintiff was provided with over 500 pages of documents, along with audio recordings, photographs

and a fifteen-page privilege log.  (Dkt. 42-1, ¶ 3.)  Indeed, the discovery deadline in this

matter, November 16, 2012, and the dispositive motion deadline, December 21, 2012,

have already passed.  Although the motion was filed before the close of discovery,

discovery in this matter is now over.  Consequently, the policy behind staying discovery

while the Court rules on Defendants' assertion of qualified immunity is not served in this

case.  The Court will deny Defendants' Motion to Stay Discovery Pending Motion for

Summary Judgment, as it is moot.

Furthermore, when Defendants file for summary judgment on grounds of qualified

immunity *and* the merits of the claims, they cannot foreclose a plaintiff from obtaining

discovery necessary to respond to the merits arguments.

## MOTION TO COMPEL DISCOVERY

### 1.    Legal Standard

Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery

regarding any matter, not privileged, that is relevant to the claim or defense of any

party. . . ."  Fed.R.Civ.P. 26(b)(1).  "Relevant" is defined as information that is

"reasonably calculated to lead to the discovery of admissible evidence, noting that it

"need not be admissible at trial."  *Id*.  Although relevance has a broad meaning, district

courts are given broad discretion to apply discovery rules to properly effect the policy of

the Federal Rules of Civil Procedure; namely to "secure the just, speedy, and inexpensive

determination of every action."  Fed.R.Civ.P.1.

If an answering party fails to adequately respond to discovery requests, the

propounding party can move for an order compelling discovery under Federal Rule of

Civil Procedure 37(a).  Generally, a court should deny a motion to compel only if the

information requested falls outside the scope of discovery.  *See Nugget Hydroelectric,*

*L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992); *cert. denied,* 508

U.S. 908 (1993).  In other words, a motion to compel "should be granted if the questions

are relevant and proper . . . ."  Charles A. Wright, Arthur R. Miller & Richard L. Marcus,

Federal Practice and Procedure § 2286 (1994).

## 2.    Discussion

Plaintiff moves to compel certain discovery.  (Dkt. 41.)  First, Plaintiff contends

that Defendants provided impermissible boilerplate or evasive responses to Plaintiff's

interrogatories and requests for production of documents.  (Dkt. 41-21, pp. 3-5.)  Second,

Plaintiff contends that he is entitled to the disclosure of witness identities.  (*Id*., pp. 6-8.)

And third, Plaintiff contends that Defendants improperly applied the attorney-client

privilege and work product doctrine.  (*Id*., pp. 11-14.)  The Court disagrees.

### A.    *Responses to Plaintiff's Interrogatories and Requests for Production of Documents*

The Court has reviewed Plaintiff's discovery requests and Defendants'

corresponding responses.  (Dkts. 41-2; 41-3; 41-4; 41-5; 41-6; 41-7; 41-8; 41-9; 41-10;

41-11; 41-12; 41-13; 41-14; 41-15; 41-16; 41-17; 41-18; 41-19; 41-20.)  The Court

concludes that those requests which Defendants refused to answer on the basis that they

were "annoying, unduly burdensome and unduly expensive," were indeed outside the

**MEMORANDUM DECISION AND ORDER - 7**

scope of discovery.  Plaintiff's requests sought irrelevant information and were not calculated to lead to the discovery of admissible evidence.  Therefore, Plaintiff is not entitled to the requested information.

### B.     Identities and Information Related to Confidential Witnesses

Plaintiff's Complaint asserts that he was deprived due process of law under the Fourteenth Amendment, because two DORs for sexual misconduct were not supported by "some evidence."  To support this claim, Plaintiff seeks the identities of confidential witnesses who provided information during the investigation and disciplinary action related to Plaintiff's DORs.  (Dkt. 41-21, pp. 11-12; Dkt. 50, pp.8-9.)  In addition, Plaintiff seeks unredacted documents concerning information the confidential witnesses provided.  (Dkt. 41-21, pp. 11-12.)  While Plaintiff concedes that Defendants have a qualified privilege to not reveal an informer's identity, (*Id.*, p. 15), Plaintiff argues that Defendants waived the security interest in the identities when they inadvertently disclosed the identities of the confidential witnesses twice during the course of discovery.  (*Id.*, pp. 6-8; Dkt. 29.)  The Court disagrees.

The need of prison administrators to protect the identities of confidential witnesses due to compelling interests in inmate safety and prison security is well-established.  *See Wolff v. McDonnell*, 418 U.S. 539, 568-69 (1974) (due process in a prison disciplinary hearing does not require that an informant's identity be revealed to an inmate); *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987) (Due process does not require that an informant's identity be revealed to inmate subject to prison disciplinary hearing.  Rather,

**MEMORANDUM DECISION AND ORDER - 8**

"[f]indings, that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board.").  The *Zimmerlee* Court recognized the importance of "penological objectives" and explained:

> In our search for some evidence, we adhere to the Court's recent pronouncement that the "evaluation of penological objectives is committed to the considered judgment of prison administrators, 'who are actually charged with and trained in the running of the particular institution.'" *O'Lone v. Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987) (citations omitted).

> We take this opportunity to reaffirm our refusal, even where claims are made under the First Amendment, to "substitute our judgment on . . . difficult and sensitive matters of institutional administration", for the determination of those charged with the formidable task of running a prison.  *Id*. 107 S.Ct. at 2407 (citations omitted).

*Id*. [1]  Therefore, where prison administrators determine that important penological objectives necessitate protecting informant identities and related information, courts generally will not intervene.

In the present case, Defendants submit the Affidavits of Terema Carlin and Shirley Roane to establish that compelling reasons exist for protecting the identities of the witnesses in Defendant Roane's investigation of Plaintiff. (Dkts 36-2; 33-3.)  The two IDOC officials testify to the following:

---

[1] While the *Zimmerlee* Court recognized that due process does not require that an informant's identity be revealed to an inmate, it also acknowledged that information from a confidential source must be reliable.  *Zimmerlee v. Keeney*, 831 F.2d 183, 186-87 (9th Cir. 1987).  Reliability may be established by: (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an in camera review of the documentation from which credibility was assessed.  (Footnote omitted.)  *Id*.

**MEMORANDUM DECISION AND ORDER - 9**

(1)     Releasing the identities would likely subject the offender witnesses to retaliation or retribution for providing prison authorities with information implicating Plaintiff in disciplinary offenses.  (Dkt. 36-2, ¶¶ 7-11; Dkt. 33-3, ¶¶ 35, 38.)

(2)     Protecting the safety of offenders in IDOC's custody is crucial to IDOC's ability to obtain truthful, accurate information from offender witness so IDOC can protect other offenders from sexually violent behavior.  (Dkt. 63-2, ¶¶ 12-14.)

(3)     Obtaining such information from offender witnesses allows IDOC to avoid large scale disruptions and possible riots amongst the offender population. (*Id.*, at ¶ 15.)

(4)     Offender witnesses are willing to come forward and provide such crucial information because they know their identities will not be revealed to other offenders.  (*Id.*, at ¶ 16.)

These statements, along with the Court's *in camera* review of the documents filed with the Court under seal, reveal that indeed a valid interest exists in protecting the identities of the confidential inmate witnesses.

Nonetheless, Plaintiff contends that Defendants waived the security interest when they inadvertently disclosed the identities of two offenders on a document disclosed during the course of discovery, and when Defendant Kristi Lynch identified several offenders as potential witnesses for the trial in this matter.  In the Ninth Circuit, the inadvertent production of privileged documents is neither a necessary nor a sufficient condition for finding that the privilege was waived.  *See Gomez v. Vernon*, 255 F.3d 1118, 1131-1132 (9th Cir. 2001) (citing *United States v. de la Jara*, 973 F.2d 746, 749-750 (9th Cir. 1992).  Instead, in determining whether a privilege has been waived by the inadvertent production of privileged documents, courts within the Ninth Circuit consider

"the circumstances surrounding the disclosure."  *Id*.

Under the totality of the circumstances approach, courts generally consider the

following five factors:

> (1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the
> time taken to rectify the error: (3) the scope of the discovery; (4) the extent of the
> disclosure; and (5) the "overriding issue of fairness."

*U.S. ex rel. Bagley v. TRW, Inc.*, 204 F.R.D. 170, 177 (C.D.Cal.2001); *U.S. v. SDI Future

Health, Inc.*, 464 F.Supp.2d 1027, 1045 (D.Nev.2006); and *In re Sause Brothers Ocean

Towing*, 144 F.R.D. 111, 115 (D.Or.1991).  While the multi-factor test is useful in

identifying relevant considerations, it should not be applied mechanistically.  *U.S. ex rel.

Bagley v. TRW, Inc.*, 204 F.R.D. at 179.

The first factor – the reasonableness of the precautions taken to prevent inadvertent

disclosure – is not specifically addressed by the briefing of the parties.  However, the

second factor – the time taken to rectify the error – is discussed and favors Defendants.

Defendants produced a document bates stamped #000217 to Plaintiff on June 16, 2012.

(Dkt. 42-2.)  The document was only partially redacted and revealed the identities of

confidential witnesses.  (*Id*.)  On July 5, 2012, Plaintiff propounded discovery requests to

Defendants and sought unredacted copies of any and all statements concerning the

identified confidential witnesses.  (Dkt. 29, p. 7-8.)  On July 20, 2012, Defendants sent a

letter to Plaintiff and advised him of the inadvertent disclosure.  (Dkt. 42-2.)  Along with

the letter, Defendants produced a purportedly properly redacted page to replace the one

previously produced and demanded return of the previously produced page.  (*Id*.)  Thus,

**MEMORANDUM DECISION AND ORDER - 11**

once Defendants learned that a privileged document had been produced, Defendants attempted to correct the problem swiftly and effectively.

The third and fourth factors – the scope and extent of the discovery – are indeterminate.   Defendants' counsel testifies that during the course of discovery, Plaintiff was provided with over 500 pages of documents, along with audio recordings, photographs and a fifteen-page privilege log.  (Dkt. 42-1, ¶ 3.)  This was not a particularly large document production, and it would seem that Defendants could keep track of sensitive documents concerning confidential witnesses within this amount. Nevertheless, Defendants found it necessary to redact many of the 500 pages and only one page containing two names, which should have been redacted, was inadvertently disclosed.  The ratio of privileged documents produced to all documents produced is roughly the same as in *Lazar v. Mauney*, 192 F.R.D. 324, 330 (N.D.Ga.2000) (concluding that privilege was not waived when three privileged documents were produced along with about 1,000 other documents).  Nonetheless, when Defendants sent the replacement page "properly redacted," the cell number and identities of the confidential witnesses were still not fully redacted.  (Dkt. 42-2, pp. 53-54.)  Thus, the third and fourth factors do not significantly favor one party over the other.

The fifth factor – fairness – weighs decidedly in favor of Defendants and is the deciding factor here.  In determining whether an inadvertent production of privileged material amounts to a waiver, the importance of the informant privilege, should not be ignored.  Prison disciplinary proceedings are not part of a criminal prosecution, and the

**MEMORANDUM DECISION AND ORDER - 12**

full panoply of rights due an individual in such proceedings does not apply.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Instead, disciplinary proceedings take place in a closed, tightly controlled environment peopled by guards and inmates who co-exist in direct and intimate contact.  *Id.*, at 561-62.  The *Wolff* Court explained:

> The reality is that disciplinary hearings and the imposition of disagreeable sanctions necessarily involve confrontations between inmates and authority and between inmates who are being disciplined and those who would charge or furnish evidence against them.  Retaliation is much more than a theoretical possibility; and the basic and unavoidable tasks of providing reasonable personal safety for guards and inmates may be at stake, to say nothing of the impact of disciplinary confrontations and the resulting escalation of personal antagonism on the important aims of the correctional process.
>
> *****
>
> If [the accused] proposes to examine an unknown fellow inmate, the danger may be the greatest, since the disclosure of the identity of the accuser, and the cross-examination which will follow, may pose a high risk of reprisal within the institution.  Conversely, the inmate accuser, who might freely tell his story privately to prison officials, may refuse to testify or admit any knowledge of the situation in question.

*Id.*, at 568.  Accordingly, the informant privilege is vital to the success of disciplinary procedures as it is unwise to treat them like criminal trials.  *Id.*, at 569.  Instead, the better course is to leave informant witnesses, cross-examination, and the like, to the sound discretion of prison officials.  *Id.*

As set forth above, the prison officials in this matter have testified that protection of the witness identities and related information is critical to inmate safety and prison security .  While Plaintiff may argue that "the cat is out of the bag," this may be true of some information sought, but not all.  Furthermore, if the information sought is required

**MEMORANDUM DECISION AND ORDER - 13**

to be produced it may act as a precedence to dissuade other inmates in the future from reporting wrongful/criminal behavior and helping with investigations.

Because Plaintiff has not demonstrated that his interest in disclosure of the witness identities and information outweighs Defendants' security concerns, Plaintiff's motion to compel the disclosure of this information will be denied.

### C.    Claims of Attorney-Client Privilege and Work Product Doctrine

Plaintiff argues that Defendants improperly asserted the attorney-client privilege or work product privilege to his discovery requests.  Plaintiff does not specify which particular responses he questions, but he does cite to "Exhibit 2" to his affidavit.  (Dkt. 41-21, p. 11.)  "Exhibit 2" consists of Defendant Carlin's Responses to Plaintiff's Second Set of Interrogatories and Defendant Carlin's Responses to Plaintiff's Second Request for Production of Documents.  (Dkt. 41-3).  Defendant Carlin asserted the attorney client privilege in his response to Request for Production No. 13 as set forth below:

> **REQUEST FOR PRODUCTION NO 13:** Product [*sic*] any and all documentation including e-mails and other electronic data between you and any other IDOC official including the IDOC legal department concerning the false allegations made by Cruz against the Plaintiff, the lie detection tests, the results and advice you sought or was given in unredacted form.
>
> **RESPONSE**: Objected to as annoying, oppressive, unduly burdensome and unduly expensive to respond due to fact the request does not seek information which is relevant or reasonably calculated to lead to the discover of admissible evidence in this matter.  Also objected to as seeking attorney-client privileged communication.

(*Id.*, pp. 6-7.)  Plaintiff also notes that Defendants designated certain documents on their privilege log as protected pursuant to the attorney-client privilege.  (Dkt. 41-21, p. 13.)

**MEMORANDUM DECISION AND ORDER - 14**

Defendants do not address Request for Production No. 13 in their briefing, but they do address the four documents noted on the privilege log.  Defendants argue the documents were redacted to remove attorney-client privileged communications.  (Dkt. 42, p. 10.)  Defendants argue that the four documents contained legal advice rendered by Deputy Attorneys General representing the Idaho Department of Correction to representatives of the Department concerning revisions to Department policies.  (*Id.*) They further argue that the communications were made for the purpose of facilitating legal services and that the communications were restricted to Department personnel involved in the policy changes at issue.  (*Id.*)

Application of the attorney-client privilege is governed by federal common law in this case, because federal law provides the rule of decision.  *See* Fed.R.Evid. 501; *United States v. Zoline*, 491 U.S. 554, 562 (1989); *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure.  *Clarke*, 974 F.2d at 129.  Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney.  *Id.*

The attorney-client privilege applies when (1) legal advice is sought by the client (2) from a professional legal advisor in his capacity as such, and (3) the communications relating to that purpose (4) are made in confidence (5) by or to the client.  *Admiral*

**MEMORANDUM DECISION AND ORDER - 15**

*Insurance v. U.S. Dist. Court*, 881 F.2d 1486, 1492 (9th Cir. 1989).  "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question."  *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988).

In the present case, Defendants have appropriately applied the attorney-client privilege.  To begin with, Plaintiff's Request for Production No. 13 specifically asks for "the results and advice . . .  sought or was given" by the IDOC legal department. (Dkt. 41-3, pp. 6-7.)  This is precisely the type of information the privilege was intended to protect.  "The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

As to the four documents noted on the privilege log, Defendants have satisfied the necessary test.  Defense counsel has testified that the four documents contained legal advice regarding revisions to IDOC policies.  (Dkt. 42-1, ¶ 5.)  The legal advice was rendered by legal advisors (Deputy Attorneys General) to its client (IDOC).  (*Id.*)  The advice was rendered for the purpose of facilitating legal services, i.e., proving advice regarding department policies, and such information was made in confidence, in that it was restricted to personnel involved with the issue.  (*Id.*)  Accordingly, the Court concludes that the redacted communications are protected from disclosure by the attorney-client privilege.

Plaintiff also claims that Defendants inappropriately applied the work product doctrine, (Dkt. 41-21, pp. 11- 14), but he does not specify the application he objects to.

**MEMORANDUM DECISION AND ORDER - 16**

The Court will not guess.  Plaintiff's motion to compel is denied.

## MOTION TO SEAL DOCUMENTS

**1.      Legal Standard**

A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).  This strong presumption in favor of disclosure stems from the common law right "to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978).  As long as the particular document is not one that is "traditionally kept secret," this presumption of access "extends to pretrial documents filed in civil cases, including materials submitted in connection with motions for summary judgment."  *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003).  The common law right of access to judicial records, however, is not absolute; "compelling reasons" sufficient to overcome this presumption of access exist when there is a concern that court documents may "become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1178-79.  However, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.*

**MEMORANDUM DECISION AND ORDER - 17**

2.      **Discussion**

Defendants have filed a motion for summary judgment seeking to dismiss Plaintiff's remaining claims.  In support of their motion, Defendants filed several affidavits.  Defendants seek to seal the following exhibits to the Affidavit of Shirley Roane: (1) an unredacted investigation report, (2) unredacted interview summaries used to prepare the report, (3) confidential witness statements, and (4) unredacted copies of witness statements and confidential witness statements provided to the disciplinary hearing officer in support of the Disciplinary Offense Reports written by Sergeant Roane. (Dkt. 36-1, p. 3.)  Defendants also seek to seal the following exhibits attached to the Affidavit of Kristi Lynch: the unredacted copies of witness statements and confidential witness statements that Roane provided to Lynch in support of the two Disciplinary Offense Reports.  (*Id*., pp. 3-4.)

Defendants argue that compelling reasons exist for sealing the requested exhibits, because releasing the identities of the witnesses in the exhibits would likely subject those offenders to retaliation or retribution.  (*Id*., p. 4.)  In addition, Defendants argue that protecting the safety of offenders in IDOC's custody is crucial to IDOC's ability to obtain truthful, accurate information from offender witnesses in the future.  (*Id*.)

Plaintiff argues that Defendant's motion seeks to circumvent and deny Plaintiff's right to oppose the motion for summary judgment.  (Dkt. 45, p. 2.)  Plaintiff argues that he is entitled to unredacted original statements and that summaries prepared by Defendants are not entitled to sealing.  (*Id*.)  Plaintiff further argues that he requires the

**MEMORANDUM DECISION AND ORDER - 18**

exhibits, because he believes they contain evidence of "prior incidents or abuse of ICI-O officials that go to motive, opportunity, intent, pattern, routine, habit, plan, scheme, preparation, etc." (*Id.*, p. 3.)

The Court has conducted an *in camera* review of the documents filed by Defendants under seal and concludes that compelling reasons exist to maintain the seal. As set forth above in the Court's opinion regarding the motion to compel, important and necessary penological objectives are served by protecting the identities of the confidential witnesses.  Plaintiff has received most, if not all, of the documents submitted under seal in redacted form.  The Court finds that the documents in redacted form are sufficient for Plaintiff to respond to the motion for summary judgment.

As to Plaintiff's argument that summaries prepared by Defendants are not entitled to sealing, the Court concludes that the cases cited by Plaintiff in support of his argument are distinguishable, inapplicable and not precedent, as they do not concern the sealing of prison records to protect the identity of inmate witnesses.  Instead, the cases are fact specific and concern whether documents prepared by prison officials fall with the business records exception to the hearsay rule and witness credibility.  *See Bracey v. Herringa*, 466 F.2d 702, 704-705 (7th Cir. 1972); *Romano v. Howarth*, 998 F.2d 101, 108 (2d Cir. 1993); *Lewis v. Velez*, 149 F.R.D. 474, 486 (S.D.N.Y. 1993); and *Morales Feliciano v. Hernandez Colon*, 697 F.Supp. 37, 40 (D.P.R. 1998).  The Court is also not convinced that Plaintiff needs the unredacted documents to show "motive, opportunity, intent, pattern, routine, habit, plan, scheme, preparation, etc."  Plaintiff has not shown

**MEMORANDUM DECISION AND ORDER - 19**

how the unredacted documents are relevant to his remaining claims.

Accordingly, Defendants' motion to seal the requested documents is granted.

## MOTION TO STAY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### 1.     Legal Standard

Federal Rule of Civil Procedure 56(d) provides that the court may deny or continue a motion for summary judgment "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  The requesting party must show that (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist and (3) the sought-after facts are essential to oppose summary judgment.  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs.  *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004).  Summary judgment in the face of requests for additional discovery in such cases is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim.  *Id*; *see also Margolis v. Ryan*, 140 F.3d 850, 853-54 (9th Cir. 1998) (district court correctly denied motion for continuance, given plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation").

**MEMORANDUM DECISION AND ORDER - 20**

**2.**     **Discussion**

Plaintiff argues that the Court should stay the motion for summary judgment, because he has not had an opportunity to complete discovery.  (Dkt. 44-1, p. 7.)  Plaintiff claims Defendants have abused the discovery process and wrongfully denied him needed information for opposing the motion for summary judgment.  (*Id*.)  Plaintiff claims Defendants voluntarily waived any privilege regarding confidential informants and that he is entitled to all documents regarding such confidential informants, as well as time to contact and obtain affidavits from such informants.  (*Id*., p. 3.)  Plaintiff further argues, that his affidavit in support of the motion to compel and his declaration in support of his motion to stay, satisfy his burden to show material facts will be discovered.  (Dkt. 51, p.3.)  The Court disagrees.

As set forth above in the Court's analysis of the motion to compel, the Court has concluded that important and necessary penological objectives are served by protecting the identities of the confidential witnesses in this case.  Furthermore, Plaintiff has not satisfied Rule 56(d).  Plaintiff has provided an affidavit and declaration in support of his argument, but he fails to set forth the specific facts he hopes to elicit from further discovery and how such facts are essential to opposing the motion for summary judgment. Plaintiff provides arguments against summary judgment, but does not suggest what specifically he still needs and how that evidence is necessary to bolster his argument. Plaintiff only states in conclusory fashion that the information sought will support his claims in his complaint.  Such conclusory allegations are not sufficient under Rule 56(d).

**MEMORANDUM DECISION AND ORDER - 21**

Because Plaintiff has not shown that relevant facts remain to be discovered in order to oppose summary judgment, the denial of a continuance is appropriate under the standards contained in Rule 56(d).  Therefore, the Court will deny Plaintiff's motion to stay.  However, the Court finds that a brief extension of time for Plaintiff to file his opposition is appropriate.  Plaintiff's opposition to the motion for summary judgment shall be filed with the Court within twenty-one (21) days after entry of this Order.  Defendants shall file their reply no later than fourteen (14) days after the date Plaintiff's opposition is filed.

## THIRD MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is Plaintiff's Third Motion for Appointment of Counsel.  (Dkt. 43. )  Unlike criminal defendants, prisoners in civil actions have no constitutional right to counsel unless their physical liberty is at stake.  *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Whether a court appoints counsel is within the court's discretion, and counsel should be appointed only in "extraordinary cases."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).  To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court previously denied Plaintiff's request for the assistance of counsel in this civil rights matter after concluding that he had demonstrated the ability to represent

MEMORANDUM DECISION AND ORDER - 22

himself and that no compelling reasons existed to find volunteer counsel to assist him. (Dkt. 11, p. 2; Dkt. 32, p. 2.)  The Court sees no change in circumstances that would warrant reconsidering that decision.

Accordingly, Plaintiff's motion will be denied.  If it later appears that Plaintiff's claims appear to have potential merit and the case is sufficiently complex to call for the assistance of counsel, the Court may reconsider its decision at that time.

**ORDER**

**IT IS ORDERED:**

1.    Defendants' Motion to Stay Discovery Pending Determination of Defendants' Motion for Summary Judgment  (Dkt. 37) is DENIED.

2.    Plaintiffs' Motion to Compel Discovery (Dkt. 41) is DENIED.

3.    Defendants'  Motion to Seal Certain Exhibits Submitted in Support of Defendants' Motion for Summary Judgment (Dkt. 36) is GRANTED.

4.    Plaintiff's Motion to Stay Defendants' Motion for Summary Judgment (Dkt. 44) is DENIED.

5.    Plaintiff's Third Motion for Appointment of Counsel (Dkt. 43) is DENIED.

6.    Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than twenty-one (21) days after entry of this Order.  Defendants shall file their reply no later than fourteen (14) days after the date Plaintiff's opposition is filed.

SO ORDERED.

DATED:  **April 22, 2013**

~~Honor~~able Edward J. Lodge
U. S. District Judge